UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:

    SANT S. CHATWAL,

                Debtor

Chapter 7

Case No. 95B 43003(CB)

Adv.P.No: 96/8829A

STATE BANK OF INDIA, NEW YORK BRANCH,

                Plaintiff

    -against-

SANT S. CHATWAL,

                Defendant
-----------------------------------------------------------x

## DESIGNATION OF CONTENTS OF THE RECORD ON APPEAL AND STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

Pursuant to B.R. 8006, Plaintiff-Appellant State Bank of India, New York Branch ("SBI") herewith respectfully submits this Designation of Contents of the Record on Appeal and Statement of Issues to be Presented on Appeal of the order of this Court entered on February 29, 2000 :

### DESIGNATED DOCUMENTS ("D") in the Record on Appeal

D-1    Notice of Appeal.

D-2    Order filed February 29, 2000.

D-3    Decision of the Hon. Cornelius Blackshear dated February 8, 2000.

D-4    Nov. 21, 1985 letter to SBI from Mr. Chatwal re Zona Rosa.

D-5    Nov 27, 1985 letter to SBI from Mr. Chatwal re Zona Rosa.

D-6   Mr. Chatwal's Personal Financial Statement ("PFS") dated Oct.15, 1985.

D-7   Loan proposal to central office re Zona Rosa.

D-8   Proposal for personal loan for Mr. Chatwal with telex to central office.

D-9   Mr.. Chatwal's PFS dated April 18, 1994 and cover letter.

D-10  SBI letter to Central Office dated June 5, 1987.

D-11  Mr. Chatwal's PFS dated October 31, 1986.

D-12  Loan proposal to Central Office re 106 Restaurant Corp.

D-13  SBI letter to Central Office dated September 4, 1987.

D-14  Mr. Chatwal's PFS dated May 6, 1983.

D-15  Mr. Chatwal's PFS dated July 31, 1987.

D-16  Mr. Chatwal's PFS dated May 28, 1988.

D-17  May 14, 1986 Mortgage Note to Chelsea National Bank.

D-18  August 19, 1985 Note to Michael Safko.

D-19  October 11, 1984 Note and Guaranty, Chatwal Restaurants/ Bank of India ("BOI")

D-20  July 15, 1987 Note and Guaranty, Chatwal Real Estate/BOI.

D-21  September 10,1986 Note of $400,000 to BOI.

D-22  Dec.30,1986 Note of $750,000 to BOI.

D-23  April 14, 1987 Note of $275,000 to BOI.

D-24  April 30, 1987 Note of $224,000 to BOI.

D-25  May !4, 1986 Note of $300,000 to BOI.

D-26  July 28, 1986 Note and guaranty , Rooftop Management/BOI

D-27    April 29, 1987 Note and guaranty, Panama City/BOI.

D-28    Aug. 19, 1987 Note and guaranty, Tribhovadas/BOI.

D-29    April 11, 1985 guaranty, Chatwal Real Estate/BOI.

D-30    April 29, 1987 guaranty, 21-23 Seventh Avenue/ BOI.

D-31    January 18, 1985 revolving credit note, Bank of Baroda ("BOB").

D-32    November 2, 1987 Term Note, BOB.

D-33    June 1, 1987 Zona Rosa guaranty to BOB.

D-34    December 16, 1985 letter of Mr. Chatwal to BOB re 23rd Street Condominium.

D-35    February 20, 1986 Mortgage Note Park Plaza/Canara Bank with guaranty.

D-36    SBI review of loan proposal, March 13, 1987.

D-37    Document prepared by defendant's expert witness.

D-38    PFS Guide prepared by AICPA.

D-39    Statement of Financial Accounting Concepts No. 2.

D-40    Adversary Complaint.

D-41    Amended Answer to Complaint

Transcript of Trial (being ordered).

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

SBI most respectfully intends to present the following issues on appeal:

1.  Did the Court clearly err in finding that Mr. Chatwal's subject personal financial statements ("PFS") were not materially false?

2.  Did the Court clearly err in finding that SBI would have granted credit facilities to

Mr. Chatwal and/or his companies even if the contingent liabilities allegedly omitted, had been disclosed in the PFS's?

3. Did the Court clearly err in holding that the PFS's had obvious problems that could have been detected by SBI?

4. Did the Court clearly err in concluding that information concerning contingent liabilities was of little importance to SBI when its officer's testimony was to the contrary?

5. Did the Court fail to fully consider the vast amounts of undisclosed actual debt of Mr. Chatwal aside from personal guaranties , and did it misconstrue various guaranty obligations as contingent liabilities when Mr. Chatwal's guaranties, by their terms, stated that such indebtedness was primary and direct?

6. Did the Court clearly err in finding that SBI did not, in fact, rely on the subject PFS's when reliance was incontrovertibly testified to under oath by the SBI officer who personally reviewed and recommended the various loan applications of Mr. Chatwal at issue, and who was personally responsible for enforcing SBI's procedures and policies in that regard, and where such reliance was further shown in SBI's communications to its Central Office as to each said loan application?

7. Did the Court clearly err in finding that SBI did not rely on the PFS's because it extended credit to Mr. Chatwal's companies after learning of certain contingent liabilities, when such information was grossly inaccurate and was given to SBI by Mr. Chatwal years after the personal loan to him and loans to several of his companies actually at issue herein, were granted, and where no disclosure of millions of dollars of other indebtedness was ever made by Mr. Chatwal to SBI at

any time, which disclosure would clearly have affected SBI's credit decision?

8. Was the Court incorrect in its conclusion that if SBI relied on the PFS's, that reliance was unreasonable, when the PFS's appeared complete on their face, and were prepared by reputable CPA firms as Coopers Lybrand and Peat Marwick?

9. Was the Court incorrect in its conclusion that SBI did not establish reasonable reliance on the PFS's in its loan review procedures, when applying the mere preponderance of the evidence standard?

10. Did the Court clearly err in finding that a preponderance of the evidence did not show intent to deceive on Mr. Chatwal's part, when the PFS's state that all material therein was provided to the accountant by Mr. Chatwal, that he was asked about all contingent liabilities and told the accountants there were none when, in reality, there were untold millions of dollars of undisclosed debts, and that he submitted such knowingly false PFS's to SBI to procure credit?

11. Was the Court incorrect as a matter of law, in its ultimate finding that SBI has not established the various elements of a Section 523 (a)(2)(B) claim by a preponderance of the evidence?

DATED: March 16, 2000

Respectfully Submitted

FOREHT LAST LANDAU MILLER & KATZ LLP
Attorneys for Plaintiff-Appellant State Bank of India,
New York Branch

By:
Richard S. Last (RSL # 9460)
415 Madison Avenue, 16th floor
New York NY 10017
(212)935-8880

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

    SANT S. CHATWAL,

                Debtor

Presentment Date and Time:
February 18, 2000 at 12:00 PM

Chapter 7

Case No. 95B 43003(CB)

Adv.P.No: 96/8829A

STATE BANK OF INDIA, NEW YORK BRANCH,

                Plaintiff

-against-

SANT S. CHATWAL,

                Defendant
------------------------------------------------------------x

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK   )
COUNTY OF NEW YORK ) ss

    RICHARD S. LAST being duly sworn, deposes and says:

    I am over 18 years of age, not a party to this action, and have my office in New York NY. On March 16, 2000, I served the within Designation of Contents of Record on Appeal and Statement of Issues to be Presented on Appeal on the following at their last known places of business

By first class mail postage prepaid:
    Christine Black Esq.
    Robinson, Brog, Leinwand, Greene Genovese & Gluck PC
    Attorneys for Defendant
    1345 Avenue of the Americas
    New York NY 10105

Sworn to before me this
16th day of March, 2000

_____
Notary Public
STEPHEN R. FOREHT
Notary Public, State of New York
No. 31-4868597
Qualified in New York County
Commission Expires July 28, 20__

_____
Richard S. Last (RSL# 9460)